UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK PALUMBO, ROSARIO PRATO, MAURICIO MARTINEZ, and JOSEPH OVILE as participants and/or former participants of the Pavers and Road Builders District Council Pension Fund, Welfare Fund, Apprenticeship, Skill Improvement and Safety Fund and the United Plant and Production Workers Local 175 Pension Fund, Welfare Fund, and Apprenticeship, Skill Improvement and Safety Fund, on behalf of themselves and all persons similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ANTHONY FASULO, ALBERT ALIMENA, DOMINICK AGOSTINO, JOHN PETERS, ROBERT CHEVERIE, FRANCISCO FERNANDEZ, JAMES KILKENNEY, PHILIP FAICCO, VINCENT MASINO, ANTHONY ROBIBERO and KEITH LOSCALZO and/or their successors, in their capacity as present and former Trustees of the Pavers and Road Builders District Council Pension Fund, Welfare Fund, Apprenticeship, Skill Improvement and Safety Fund and the PAVERS AND ROAD BUILDERS DISTRICT COUNCIL PENSION FUND, WELFARE FUND, and APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUND,<br><br>    Defendants. | Case No.: 07-CV-797 (PKC) (RML)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO THE PROPOSED SETTLEMENT, CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES, APPOINTING CLASS COUNSEL FOR SETTLEMENT PURPOSES, APPROVING AND ORDERING DISSEMINATION OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT, AND SCHEDULING A FINAL APPROVAL (FAIRNESS) HEARING** |

      Before the Court is Named Plaintiffs' Motion for Preliminary Approval of Settlement, Certification of Class for Settlement Purposes, Appointment of Class Counsel for Settlement Purposes, Approval of Plaintiffs' Proposed Class Notices and Class Action Settlement Procedure. The Court has reviewed the Settlement Agreement (Dkt. 242-5, hereinafter "Settlement

1

Agreement") and Named Plaintiffs' motion for preliminary approval thereof, which Defendants do not oppose.[1] Being so informed, the Court finds and orders as follows:

1. For purposes of this action, the Court has subject matter and personal jurisdiction over the parties.

2. For settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(1) for certification of a settlement class have been satisfied, and therefore provisionally certifies a settlement Welfare Subclass that includes all persons listed on **Appendix A** to the Parties' proposed order (Dkt. 242-6) (the "Settlement Class").

3. With respect to the Settlement Class, this Court preliminarily finds, solely for purposes of this settlement, that pursuant to Federal Rule of Civil Procedure Rule 23:

   (a) the Settlement Class members are so numerous that joinder of all Settlement Class members in the action is impracticable;

   (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions;

   (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; and

   (d) Named Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members.

4. With respect to the Settlement Class, this Court preliminarily finds, solely for purposes of this settlement, that pursuant to Federal Rule of Civil Procedure 23(b)(1), prosecuting separate actions by or against individual class members would create a risk of inconsistent

---

[1] Unless otherwise specified, all capitalized terms herein have the same meaning as in the Settlement Agreement.

adjudications that would establish incompatible standards of conduct for Defendants, and adjudications with respect to individual class members could be dispositive of the interests of other class members.

5. For settlement purposes only, the Court finds that the Named Plaintiffs are adequate and typical representatives of the conditionally certified Settlement Class and are hereby designated as representatives of the Settlement Class.

6. For settlement purposes only, the Court finds that Jennifer S. Smith of the Law Offices of Jennifer Smith PLLC and David W. New of the Law Office of David W. New, PC are adequate counsel for the Settlement Class and are hereby appointed as Class Counsel.

7. The proposed settlement with Defendants, which is reflected in the Settlement Agreement and exhibits attached to the Declaration of Jennifer S. Smith (Dkts. 242-1, 242-2, 242-3, 242-4, and 242-5) which are incorporated by reference herein and made a part of this Preliminary Approval Order, appears to have been negotiated at arm's length and appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, will not improperly grant preferential treatment to the class representatives or segments of the class, and falls within the range of possible approval which could ultimately be given final approval by the Court. The proposed settlement appears to be fair, reasonable, adequate, and in the best interests of the Settlement Class when balanced against the potential outcome of further litigation relating to class certification, defenses, liability, and damages, and will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation.[2] The Settlement Agreement is

---

[2] The Court notes that it did not, in considering the fairness of the proposed settlement, presume that the "proposed settlement was fair, reasonable, and adequate because it was reached in an arm's-length negotiation," *Moses v. N.Y. Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023), and did consider proposed fees, including attorneys' fees (to the extent even sought (*see* Dkt. 244-1 at 8; Dkt. 244-3 at 9)), in assessing the fairness of the settlement, *see Moses*, 79 F.4th at 246.

preliminarily approved as in the best interests of the Settlement Class.

8. Members of the Settlement Class who object to the final approval of the settlement remain members of the Settlement Class and will be bound by the Settlement Agreement if it is approved following the Final Approval (Fairness) Hearing.

9. The form Notices of Class Certification and Settlement of Claims filed at Dkt. 244-1 and Dkt. 244-3 ("Class Notices") meet the requirements of the Federal Rules of Civil Procedure and Due Process Clause of the United States Constitution, and constitute the best practicable notice under the circumstances to the members of the Settlement Class.  The Court further finds that the Class Notices fully and accurately inform the Settlement Class members of all material elements of the Settlement Agreement and each class member's right to object to the settlement and appear at the Final Approval (Fairness) Hearing.  The Parties may agree to make non-substantive changes to the Class Notices without obtaining additional approval or an amended Order from this Court.

10. The Class Notices are approved for distribution to Settlement Class members pursuant to the procedure set forth below.  The deadline for filing objections shall be thirty (30) days before the Final Approval (Fairness) Hearing.

11. Within fifteen (15) business days following entry of this Order, Named Plaintiffs shall cause the appropriate Class Notices to be mailed to all class members using each individual's last-known address in the files of the party responsible for sending the notice.  Named Plaintiffs shall take all reasonable steps to obtain the correct address of any class members for whom the notice is returned by the post office as undeliverable and shall attempt re-mailings.

12. Within three (3) days after the date of the initial mailing of the Class Notices, or fifteen (15) business days of Plaintiffs' receipt of a court order approving the form of Class Notice, whichever is earlier, the Named Plaintiffs shall submit a written request to the non-party United

Plant and Production Workers Local 175 Welfare Fund ("Local 175 Welfare Fund") and United Plant and Production Workers Local 175 Apprenticeship, Skill Improvement and Safety Fund Settlement ("Local 175 Training Fund," collectively with the Local 175 Welfare Fund, the "Local 175 Funds") to post the Class Notices in a conspicuous area that is typically used for posting notices to fund participants in the offices of the non-party Local 175 Funds, such notice to remain posted for no less than ninety (90) days.

13. Within three (3) days after the date of the initial mailing of the Class Notices, or fifteen (15) business days of Plaintiffs' receipt of a court order approving the form of Class Notice, whichever is earlier, the Settlement shall be publicized by causing the Class Notices to be posted in a conspicuous area that is typically used for posting notices to fund participants in the offices of the Defendant Pavers Welfare and Training Funds and Non-party LIUNA Local 1010. Such notice(s) shall remain posted for no less than ninety (90) days.

14. None of the Defendants, Named Plaintiffs, or other signatories to the Settlement Agreement, or any of their agents/representatives at their behest, shall in any way directly or indirectly, individually or as a group, for any reason discourage or encourage class members to object to the Settlement Agreement.

15. At least ten (10) days prior to the Final Approval (Fairness) Hearing, the parties shall each provide an affidavit to the Court confirming that Class Notices have been mailed and published in accordance with the Settlement Agreement.

16. The Court hereby schedules a Final Approval (Fairness) Hearing to determine whether the settlement should be finally approved as being fair, reasonable, and adequate, and in the best interests of the Settlement Class, and whether an Order Granting Final Judgment should be entered thereon. The hearing will take place telephonically or by videoconference on March

20, 2024 at 12:00 p.m. (the "Fairness Hearing"). The public may listen in via telephone at 1 (646) 828-7666, Meeting ID 1618550118, Passcode: 414678.

17. Prior to the Fairness Hearing, Settlement Class members shall be given the opportunity to object to the settlement.

18. Any Settlement Class member who wishes to object to the proposed settlement or any portion thereof, must do so in writing stating the basis of the objection, provided, however, that no member of the Settlement Class shall be heard or entitled to contest the approval of the proposed Settlement Agreement, or any portion thereof, or, if approved, the judgment to be entered thereon approving same, or the Case Contribution Awards, unless the person has served his or her written objection by first-class mail, postmarked no later than thirty (30) days before the Final Approval (Fairness) Hearing, to the addresses specified in the Class Notices ("Objection Deadline"). The written objection must state the basis of each objection and include copies of any papers in support of the objector's position.

19. Any Settlement Class member who does not make an objection in the time and manner provided shall be deemed to have waived the ability to object and shall be foreclosed from making any objection (whether by appeal or otherwise) related to the proposed settlement or any portion thereof. All Settlement Class members who do not object in accordance with the terms of this Order, or whose objection is withdrawn by the objector or overruled by the Court, shall be bound by the Settlement Agreement and all of its terms and all determinations and judgments in the matter concerning the Settlement, including, but not limited to, the mutual releases provided for in the Settlement Agreement.

20. Class Counsel shall file all objections with the Clerk of Court within ten (10) days after the Objection Deadline.

21. An objector also has the right to appear at the Fairness Hearing either telephonically or by video or through counsel hired by the objector at his or her own expense. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections, and any other papers in support of the objector's position. An objector may withdraw his/her objections at any time. No objector may appear at the Fairness Hearing unless he/she has filed a timely objection that complies with the procedures above and as provided in the Settlement Agreement. Any attorney(s) representing any Settlement Class member who timely files an objection to the settlement, at the class member's expense, shall file a notice of appearance with the Court.

22. The Parties may file with the Court written responses to any filed objections no later than three (3) business days before the Fairness Hearing.

23. All motions and papers in support of the settlement, and any application by Named Plaintiffs for Case Contribution Awards, shall be filed and served at least three (3) business days prior to the Fairness Hearing in accordance with this Order and the Settlement Agreement. The hearing on the applications for Case Contribution Awards shall take place at the same date and time as the Fairness Hearing.

24. Defendants shall comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.* ("CAFA").

25. All proceedings in this action concerning Plaintiffs' claims are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the settlement should be finally approved, neither Plaintiffs nor any Settlement Class member, either directly, representatively or in any other capacity, nor any person or entity allegedly acting on behalf of

Settlement Class members, shall commence or prosecute against Plaintiffs' released persons any action or proceeding in any court or tribunal asserting any of the Plaintiffs' released claims. This stay is necessary to protect and effectuate the settlement, this Preliminary Approval Order, and this Court's flexibility and authority to effectuate this settlement and to enter final judgment when appropriate.

26. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Settlement Class members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

27. If for any reason the Court does not enter an order granting final judgment finally approving the Settlement Agreement substantially in the form executed on September 10, 2023, or if the Effective Date of the settlement does not occur for any reason whatsoever, the proposed Settlement Agreement that is the subject of this Order and all evidence and proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties.

**SO ORDERED.**

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 1, 2023
Brooklyn, New York