UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARK PALUMBO, ROSARIO PRATO, MAURICIO MARTINEZ, and JOSEPH OVILE as participants and/or former participants of the Pavers and Road Builders District Council Pension Fund, Welfare Fund, Apprenticeship, Skill Improvement and Safety Fund and the United Plant and Production Workers Local 175 Pension Fund, Welfare Fund, and Apprenticeship, Skill Improvement and Safety Fund, on behalf of themselves and all persons similarly situated,

Plaintiffs,

vs.

ANTHONY FASULO, ALBERT ALIMENA, DOMINICK AGOSTINO, JOHN PETERS, ROBERT CHEVERIE, FRANCISCO FERNANDEZ, JAMES KILKENNEY, PHILIP FAICCO, VINCENT MASINO, ANTHONY ROBIBERO and KEITH LOSCALZO and/or their successors, in their capacity as present and former Trustees of the Pavers and Road Builders District Council Pension Fund, Welfare Fund, Apprenticeship, Skill Improvement and Safety Fund and the PAVERS AND ROAD BUILDERS DISTRICT COUNCIL PENSION FUND, WELFARE FUND, and APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUND,

Defendants.

Case No.: 07-CV-797 (PKC) (RML)

**ORDER GRANTING FINAL APPROVAL TO THE PROPOSED SETTLEMENT, GRANTING FINAL CLASS CERTIFICATION, APPROVING CASE CONTRIBUTION AWARDS AND RELEASING WELFARE CLAIMS**

A hearing having been held before this Court (the "Court") on March 20, 2024, pursuant to this Court's Order dated December 1, 2023 (the "Preliminary Approval Order"), upon a Settlement and Release Agreement dated October 10, 2023 (the "Settlement Agreement") filed in the above-captioned action (the "Action"), which along with the Preliminary Approval Order is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforesaid Preliminary

Approval Order; the respective parties ("Parties") having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement (the "Settlement") set forth in the Settlement Agreement; the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that notice to the Class (as defined in Appendix A to this Order, sometimes referred to individually as "Class Members") was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED, THIS 20th DAY OF MARCH, 2024, AS FOLLOWS:

1. This Court finds that (i) it has personal jurisdiction over all parties and Class Members; (ii) it has subject matter jurisdiction over the claims asserted in the Action; and (iii) venue is proper.

2. The court-approved class notices regarding the pendency of this class action and notice of the Final Approval ("Fairness") Hearing, which were mailed directly to the last known addresses of Class Members and posted in the offices of Defendant Pavers and Road Builders District Council Welfare Fund and non-party United Plant and Production Workers Local 175 Welfare Fund ("Class Notices"), have been given to the Class pursuant to, and in the manner directed by, the Preliminary Approval Order. Proof of the mailing and publication of the Class Notices has been filed with the Court and full opportunity to be heard has been offered to all Parties to the Action, the Class and

persons in interest. Moreover, Class Members have been offered the opportunity to object to the Settlement. The form and manner of disseminating the Class Notices are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), the Due Process Clause of the United States Constitution, and applicable law, and it is further determined that all Class Members are bound by this Order Granting Final Judgment and the Settlement Agreement, as are their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns except as provided in the Settlement Agreement.

       3.    Based on the record of the Action, the Court expressly and conclusively finds, pursuant to Rules 23(a), 23(b)(1) and 23(g) of the Fed. R. Civ. P., as follows:

    a. that (i) the Class is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of Mark Palumbo, Rosario Prato, Mauricio Martinez and Joseph Ovile (collectively, "Named Plaintiffs") are typical of the claims of the Class, and (iv) Named Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; and

    b. that prosecuting separate actions by or against individual Class Members would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and adjudications with respect to individual class members would be dispositive of the interests of

    other class members, and

c. that Named Plaintiffs are adequate and typical representatives of the Settlement Class that was conditionally certified by this Court by an order dated December 1, 2023, and have fairly and adequately protected the interests of the class, and

d. Jennifer S. Smith of the Law Offices of Jennifer Smith PLLC and David New of the Law Office of David W. New, PC are adequate counsel for the Class and have fairly and adequately represented the interests of the Class.

4. The Action is finally certified as a class action pursuant to FRCP 23(a) and 23(b)(1) on behalf of a Class consisting all persons listed on Appendix A to this Order. Named Plaintiffs Mark Palumbo, Rosario Prato, Mauricio Martinez and Joseph Ovile are certified as the representatives of the Class. Jennifer S. Smith of the Law Offices of Jennifer Smith PLLC, One Liberty Plaza, 165 Broadway, 23rd Floor, New York, NY 10006, and David W. New of the Law Office of David W. New, PC, PO Box 447, Rutherford, NJ 07070, are certified as Class Counsel pursuant to FRCP 23(g).

5. The Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement are found to be fair, reasonable, adequate, and in the best interests of the Class, and are hereby approved pursuant to FRCP 23(e).

6. The Parties are hereby authorized and directed to comply with and to implement the Settlement in accordance with the terms and provisions set forth in the Settlement Agreement, and the Clerk of the Court is directed to enter and docket this Order Granting Final Approval.

7. This Order Granting Final Approval shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any inference that there is any liability therefor.

8. The Court hereby approves the total amount of the Settlement Fund of One Million Nine Hundred Twenty-Five Thousand Dollars ($1,925,000.00) to fully resolve and satisfy the Welfare Claims, to be paid by Defendants in the manner and within the time specified in the Settlement Agreement.

9. Named Plaintiffs Mark Palumbo, Rosario Prato, Mauricio Martinez and Joseph Ovile are hereby awarded $1,500 each ("Case Contribution Awards") in order to reimburse them for the time and expenses they incurred, including their time spent on prosecuting the Action, which amount the Court finds to be fair and reasonable and which Case Contribution Awards shall be paid by Defendants from the Settlement Fund to said Named Plaintiffs in accordance with the terms of the Settlement Agreement.

10. The proposed Settlement with the Defendants, which is reflected in the Settlement Agreement and exhibits attached to the Declaration of Jennifer S. Smith as Exhibit "D" and incorporated by reference herein and made a part of this Order, appears to have been negotiated at arms-length and appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and will not improperly grant preferential treatment to the class representatives or segments of the class. The proposed Settlement appears to be fair, reasonable, adequate and in the best interests of the Class when balanced against the potential outcome of further litigation relating to class

certification, defenses, liability and damages, and will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation.

11. The Court finds that no objections to the Settlement were received from Class Members.

12. By operation of this Order Granting Final Judgment on all claims remaining in this Action (the "Welfare Claims"), and except as to such rights or claims as may be created by the Settlement Agreement, each Class Member (the "Releasors") shall be deemed to have fully and irrevocably released and discharged (a) the Defendants, any and all of their past and present parents, subsidiaries, divisions, affiliates, related entities, employee benefit, welfare, and/or training plans or funds, successors and assigns and any and all of their past and present directors, officers, agents, contractors, trustees, administrators, attorneys, employees and assigns (whether acting as agents for Defendants, their affiliates or related entities); and (b) the Named Plaintiffs, their heirs, executors, administrators, trustees, legal representatives, successors and assigns; (Defendants and Named Plaintiffs are collectively referred to as "Releasees") from any and all claims, demands, causes of action and liabilities including, without limitation, all claims for damages of any kind, interest, attorneys' fees and costs, based on, arising out of, or related to the Welfare Claims that were or could have been raised in this Action, by reason of any act, omission, transaction or occurrence, that Releasors ever had, now have or may have against any and/or all of the Releasees up to and including the date of execution of the Settlement Agreement, under any contract, statute, regulation, agreement, duty or otherwise including, but not limited to punitive damages, attorneys' fees and costs. This

release shall not affect the right of Class Members or their beneficiaries to claim any pension or welfare benefits from the Defendants, Local 175 Welfare Fund or Local 175 Training Fund to which they remain entitled under the terms of the relevant plan documents.

13. The Releasors shall be bound by the Settlement Agreement and all of its terms and all determinations and judgments in the matter concerning the Settlement, including, but not limited to, the mutual releases provided for in the Settlement Agreement.

14. The Court hereby retains jurisdiction relating to the administration, implementation, enforcement, and interpretation of the Settlement Agreement and the Order Granting Final Approval. The Court may issue such related orders as needed to effectuate the final approval of the Settlement Agreement and its implementation.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2024.

*/s/ Pamela K. Chen*
HON. PAMELA K. CHEN
United States District Judge

## APPENDIX A

| No. | Name |
|---|---|
| 1 | MICHAEL ABBATE |
| 2 | DOMINICK AGOSTINO |
| 3 | ROCCO AGOSTINO |
| 4 | ANGELO ALAIMO |
| 5 | SALVATORE G. ALAIMO |
| 6 | GIOACCHINO ALAIMO |
| 7 | ROSARIO ARNONE |
| 8 | SALVATORE ARNONE |
| 9 | ANTONIO ASTUTO |
| 10 | GIOACCHINO AUGELLO |
| 11 | EDGAR F. AUQUILLA |
| 12 | MICHAEL A. BARRETTO |
| 13 | MICHAEL BARTILUCCI |
| 14 | ROLAND F. BEDWELL |
| 15 | JHOANI D. BETANCES |
| 16 | EDWARD BOLIJONIS |
| 17 | ALVIN A. BRATHWAITE |
| 18 | DOMENCIO F. BRUNO |
| 19 | NICHOLAS CACACE |
| 20 | MANUEL CANDO |
| 21 | ROBERT CARAMANNO |
| 22 | JOSEPH T. CARAMANNO |
| 23 | FRANCO CARDILLO |
| 24 | DERECK CARTER |
| 25 | MARCELINO CASTILLO |
| 26 | WILL R. CASTILLO |
| 27 | JESSIE CHAMBERS |
| 28 | JOHN A. CHIARELLI |
| 29 | CHARLIE CINQUEMANI |
| 30 | ANDREW CINQUEMANI |
| 31 | CARMELO CINQUEMANI |
| 32 | GUISEPPE CINQUEMANI |
| 33 | CARMINE J. COMITO |
| 34 | ANTONIO CONTE |
| 35 | PASQUALE CONTE |
| 36 | JOAQUIM C. CORREA |
| 37 | NELSON CRUZ |
| 38 | JAMES V. DADABO |
| 39 | LOUIS F. DADABO |
| 40 | REGINALD DAVIS |
| 41 | VICTOR DE GENESTE |
| 42 | AURELIO DELIZ |
| 43 | GIUSEPPE DI CARO |
| 44 | ANTHONY DI MAIO |
| 45 | CALOGERO DI MARIA |
| 46 | WILLIAM DOUGHTY |
| 47 | GENNARO ELVEZIO |
| 48 | CALOGERO FALZONE |
| 49 | CHARLIE FALZONE |
| 50 | MICHAEL FARRELL |
| 51 | MICHAEL FERMIN |
| 52 | GREGORY J. FERRO |
| 53 | KENNETH S. FERST |
| 54 | PATRICK FOGARILE |
| 55 | SALVATORE, SR. GAMBINO |
| 56 | JOSEPH GERMANO |
| 57 | ROBERT GOLABEK |
| 58 | LUIS R. GOMEZ |
| 59 | LOUIS T. GONZALEZ |
| 60 | GUSTAVO GUERRERO |
| 61 | TIMOTHY A. HINDS |
| 62 | TODD HOLDER |
| 63 | PASQUALE LABATE |
| 64 | ROBERT A. LE CRICHIA |
| 65 | PHILIP G. LENTINI |
| 66 | ALFONSO LETO |
| 67 | JAMES J. LOMBARDI |
| 68 | VINCENZO LUPO |
| 69 | ROBERT MARESCO |
| 70 | MAURICIO MARTINEZ |
| 71 | MEDRADO MAZA |
| 72 | ALFONSO MESSINA |
| 73 | GIOVANNI MESSINA |
| 74 | GIUSEPPE MICELI |
| 75 | JOHN A. MORELLO |
| 76 | PETER MORELLO |
| 77 | WILLIAM J. MORTENSEN |
| 78 | FELICE MOTTOLA |
| 79 | UBALDO MURIALE |
| 80 | SHANNON D. OLIVER |
| 81 | JOSEPH S. OVILE |
| 82 | MARK A. PALUMBO |
| 83 | CHARLES PARKER, JR. |
| 84 | GLEN PATRICK |
| 85 | PIETRO PECORARO |
| 86 | SALVATORE PECORARO |
| 87 | STEFANO PECORARO |
| 88 | MICHAEL A. PIETRANICO |
| 89 | ANGELO PIRRERA |
| 90 | JOSEPH POPOLIZIO |
| 91 | ROSARIO PRATO |
| 92 | CHARLIE PRIOLO |
| 93 | MICHAEL T. PROPER |
| 94 | MARTIR RAMIREZ |
| 95 | LEONARDO RANDAZZO |
| 96 | DAVID RENDON |
| 97 | CESAR RODRIGUEZ |
| 98 | STEVE ROJAS |
| 99 | GREG SCHMALTZ |
| 100 | GEORGE SCHMIDT |

101 GIOVANNI SCIOVE
102 NICHOLAS V. SCORCIA
103 CONSTANTINE SEMINATORE
104 PAUL SEMPLICE
105 SLADE T. SHAW
106 ANTHONY SHUKRY
107 CHRISTOPHER J. SMITH
108 LEONARD SMITH
109 WILLIAM SMITH JR
110 MICHAEL SOLOMON
111 CARLO SORRENTINO
112 RAYMOND SOTO
113 MASSIMO SPANO
114 ABIP STEBLEVA
115 DZELADIN STEBLEVA
116 VULNET STEBLEVA
117 GERARD TESTANI
118 PETER L. TESTANI
119 VITO TEUTONICO
120 DEVON A. THOMAS
121 VINCENT TOPPI
122 GIUSEPPE TRIBUZIO
123 MATTHEW TUMMINELLO
124 JOSEPH VITALE
125 LYNDON WATTERS
126 KEVIN WHITE
127 CARLOS R. ZUNIGA